Judge Underwood,
delivered the opinion of the court.
The plaintiffs in error filed their bill against the defendants, (o injoin two judgments obtained on notes executed in consideration of a covenant to convey 83 acres ofland. The bill in substance, alleges that the defendants were unable, at the date of the contract, and still were unable to make a title, because the title was not vested in either of them. The defendants are called on to exhibit their title, and unless they do, a perpetual injunction is prayed for. The defendants, in substance, answer and say, they are very able to make a good title, but exhibit none. The cause was heard upon bill and answers without proof, except a patent to May & Co. an interest in which the defendant, Jones, claimed.
We are of opinion the defendants held the affirmative,and were bound to exhibit title. The plaintiffs in error could not tell how Jones derived his title, and if disposed to search it up might have been unable to find it. All the conveyances may not have been recorded. If correctly informed in the answers, as to the derivation of the title, the plaintiffs were bound to procure the necessary exhibits and file them in order to shew to the court that the defendants or one of them had title. It was their business to do this. The present is a different case from that French vs. Howard; III. Bibb, 301. A mere sug- *516 gestión that the title of a party is defective, is a very different thing from an allegation that the party is of title. The defect may consist in the non-relinquishment of dovrer, the failure to record the deed, or a mistake in some expression, &c. things which can be easily remedied; but where there is no title, there can be no remedy.
Triplett, for plaintiffs; Crittenden, for defendants.
Decree reversed with costs* and cause remanded with directions to rescind the contract, and perpetuate the injunction.
Administra-tcTpay^tcTa18 creditor of the °?r‘ money^so soon as he (tl18 adminis-^¡tMhe funds of the estate,” there is no oo^enauí until proceeds of the estate aU d"bts of^ superior dig-hands of the administrator